UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION -- PIKEVILLE

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | NO. 7:17-CR-6-KKC |
| Plaintiff, | |
| V. | **MEMORANDUM OPINION AND ORDER** |
| **JEFFREY ISAAC,** | |
| Defendant. | |

This matter is before the Court on two Motions in Limine filed by Defendant Jeffrey Isaac.[1] For the reasons explained below, Defendant's Motions in Limine are denied.

I. Background

In May 2016, Kentucky State Police Detective Amos Adkins was informed by cooperating witnesses that Isaac, along with his wife Karen and daughter Alyssa, were traveling to Michigan to obtain oxycodone and selling the drugs in Kentucky. Based on this information, Detective Adkins began an independent investigation into Isaac's drug trafficking activity. On June 3, 2016, at the direction of Detective Adkins, two confidential witnesses participated in a controlled buy of oxycodone from Isaac's residence on Rocky Hill Road in Melvin, Kentucky. The transaction was video recorded. On June 15, 2016, Detective Scotty Hamilton received information that Jeffrey and Karen Isaac had a Michigan residence and two vehicles

---

[1] While Defendant styled these filings as motions in limine, they are better characterized as motions to suppress. A motion in limine is defined as "[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial." *Motion in limine*, *Black's Law Dictionary*, (10th ed. 2014). The Defendant does not allege that the evidence is inadmissible under the Federal Rules of Evidence, but rather that it was obtained in violation of the Fourth and Fifth Amendments. Such a claim is properly brought as a motion to suppress. *Motion to suppress*, Black's Law Dictionary, (10th ed. 2014) ("A request that the court prohibit the introduction of illegally obtained evidence at a criminal trial."). While the Court will consider these motions on the merits, under this Court's normal scheduling order, motions to suppress must be filed within thirty days of arraignment. (DE 19, at 1-2). While motions in limine are permitted no later than fourteen days before trial, (DE 19, at 6), counsel for Defendant should be aware that, in the future, restyling motions to suppress as motions in limine to take advantage of the later deadline will result in them being denied as untimely.

registered in Michigan. Detectives organized a second controlled buy on July 11, 2016 from Jeffrey Isaac at his residence on Rocky Hill Road. The transaction was audio recorded and officers observed the informants enter the residence. Based on this information, Detective Adkins obtained a search warrant for Isaac's residence from a circuit judge in Floyd County.

Officers executed the search warrant on July 13, 2016. Jeffery and Alyssa Isaac were both present in the residence. Alyssa Isaac was brought onto the porch while Jeffrey Isaac was placed at the table in the kitchen. He was not handcuffed or told he was under arrest. Detective Adkins read Isaac his *Miranda* rights from a Kentucky State Police statement and waiver of rights form. As Detective Adkins read the five statements, he checked them off on the form. After the statement was read, Isaac, Detective Adkins, and Detective Adam Hall signed the form. Detective Adkins than began questioning Isaac and he denied having any oxycodone in the house. After Detective Adkins informed him they had found his "stash," Isaac requested a lawyer and the officers stopped the questioning. Isaac's first Motion in Limine seeks to suppress evidence obtained during the search of Defendant's residence. (DE 74). In his second Motion in Limine, Isaac's asks the Court to suppress any statements given while in custody prior to being informed of his *Miranda* rights. (DE 75). The Court held a hearing on these motions gave Defendant an opportunity to file additional briefing. (DE 97). Defendant has since filed a memorandum in support of both motions, (DE 99, DE 100), and the United States has filed a response. (DE 103). This matter is now ripe for a decision.

**II. Analysis**

Defendant's first motion in limine contends that evidence obtained during the search of his residence should be suppressed. The thrust of Isaac's argument is that, because Detective Adkins relied on unnamed cooperating witnesses, his affidavit lacked probable cause.[2]

---

[2] Isaac's argument focuses on Detective Adkins' refusal to name the confidential informants during the hearing held by this Court on his motion in limine. That is irrelevant to the probable cause determination. The proper

When reviewing an affidavit challenged as lacking probable cause, the court must decide whether the judge who issued the warrant had a "substantial basis for concluding that probable cause existed." *United States v. Carpenter*, 360 F.3d 591, 594 (6th Cir. 2004). Probable cause exists "when there is a 'fair probability,' given the totality of the circumstances, that contraband or evidence of a crime will be found in a particular place." *United States v. Greene*, 250 F.3d 471, 479 (6th Cir. 2001) (quoting *United States v. Davidson*, 936 F.2d 856, 859 (6th Cir. 1991)). ). In conducting this review, the issuing judge's determination is entitled to "great deference" and his decision should only be reversed if his discretion was "arbitrarily exercised." *United States v. Coffee*, 434 F.3d 887, 892 (6th Cir. 2006) (internal quotation marks removed) (quoting *United States v. Allen*, 211 F.3d 970, 973 (6th Cir. 2000) (en banc)).

Where, as here, the affidavit is based on information provided by confidential informants, the Court must "consider the veracity, reliability, and the basis of knowledge for that information as part of the totality of the circumstances for evaluating the impact of that information." *United States v. Crumpton*, 824 F.3d 593, 615-16 (6th Cir. 2016) (quoting *United States v. Frazier*, 423 F.3d 526, 532 (6th Cir. 2005) (internal quotation marks omitted). Detective Adkins conducted an independent investigation that corroborated the information given by the confidential informants. This investigation revealed that Isaac maintained a home and vehicles in Michigan, were the informants averred he was traveling to obtain narcotics, and Detective Adkins closely supervised two controlled purchases of narcotics by the confidential informants. *See id.* at 616 ("[C]lose supervision of a controlled purchase of narcotics supplies independent corroboration of the confidential informant's tip."). Accordingly, the affidavit supported a finding of probable cause.

---

challenge is to failure to name the informants in the search warrant affidavit, not at a subsequent evidentiary hearing.

Isaac also argues that suppression is warranted because the United States was not able to confirm that a "return" or inventory of the items seized was filed with the Floyd Circuit Court that issued the warrant. Detective Adkins, however, testified that the return document was filed with the circuit court—evidenced by the clerk's stamp—and Isaac has produced no evidence that refutes this. Moreover, he cites no law that supports the argument that failing to file the return document warrants suppression.

In his second motion in limine, Isaac argues that he was subject to a custodial interrogation prior to being informed of his *Miranda* rights and therefore his statements should be suppressed. *See Miranda v. Arizona*, 384 U.S. 436 (1966). The burden is on the government to show, by a preponderance of the evidence that a defendant's *Miranda* rights were voluntarily and knowingly waived. *See United States v. Binford*, 818 F.3d 261, 273 (2016) (citing *Colorado v. Connelly*, 479 U.S. 157, 168-69 (1986)). The government has carried this burden. Isaac was advised of his rights, in the presence of two officers, and signed a form acknowledging that he understood those rights. Defendant has not introduced any evidence that suggests he was questioned before being informed of his *Miranda* rights.

**III. Conclusion**

For the reasons discussed above, the Court **HEREBY ORDERS** that Defendant Isaac's Motion in Limine based upon Unlawful Search and Seizure (DE 74) and Motion in Limine regarding Defendant's Right against Self-Incrimination (DE 75) are **DENIED**.

Dated December 21, 2017.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY