UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA,  )  )  )  Plaintiff/Respondent,  )  )  v.  )  )  JEFFREY ISAAC,  )  )  Defendant/Movant.  )  ) | No. 7:17-CR-06-KKC-HAI  RECOMMENDED DISPOSITION |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Federal prisoner Jeffrey Isaac has filed a motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, alleging two grounds for relief. D.E. 183. The government has responded in opposition, including in its response an affidavit from Isaac's trial-level counsel, Hon. Jerry A. Patton. D.E. 192; D.E. 192-1. Isaac's timely reply was filed on October 28, 2019. D.E. 194. The motion stands ripe for review.

The Court recognizes that Isaac is proceeding *pro se*, without the assistance of an attorney. The Court construes *pro se* motions more leniently than other motions. *Castro v. United States*, 540 U.S. 375, 381-83 (2003); *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985). A document filed *pro se* is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Under 28 U.S.C. § 2255, a federal prisoner may seek habeas relief because a sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such a sentence, or the sentence exceeds the maximum authorized by law. 28 U.S.C. § 2255. To prevail on a § 2255 motion alleging constitutional error, a defendant must establish that the error had a "substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165

F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). A § 2255 movant bears the burden of proving his or her allegations by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam).

## I. Background

Then-Chief Judge Caldwell entered a judgment against Isaac on May 25, 2018, after a jury found him guilty of conspiracy to distribute Schedule II controlled substances and possession of a firearm in furtherance of a drug trafficking crime. D.E. 151 at 1. Isaac was sentenced to a total of 144 months of imprisonment to be followed by three years of supervised release. *Id.* at 2–3. The United States Court of Appeals for the Sixth Circuit affirmed Isaac's convictions and sentence in February 2019. *See* D.E. 175. Isaac did not file a petition for certiorari in the Supreme Court of the United States. *See* D.E. 183 at 2.

Through his motion, Isaac attacks his convictions and sentence on two grounds. First, he claims that he received ineffective assistance of counsel during pre-trial preparations. *See id.* at 4. Specifically, he argues that he "was denied his Sixth Amendment right to effective assistance of counsel during the pretrial stage as result of counsels [sic] failure to investigate the facts, laws, and circumstances of the case and interview witnesses." D.E. 183-1 at 2. Second, Isaac claims that he received ineffective assistance of his appellate counsel. *See* D.E. 183 at 5. He alleges that he "was denied his Sixth Amendment right to effective assistance of counsel on direct appeal as a result of counsels [sic] failure to raise a merit worthy argument as to the 18 U.S.C. § 924(c) conviction." D.E. 183-1 at 14.

Isaac requests an evidentiary hearing. *See* D.E. 183-1 at 13. Notably, in his motion, he does not specify the relief he seeks. *See* D.E. 183 at 12. However, in his supporting memorandum, he asks the Court to "reverse the conviction for violating 18 U.S.C. § 924(c) as well as the 60-

2

month term of imprisonment. In the alternative he requests that this court remand the case for further proceedings for further fact finding into counsels' actions and failures." D.E. 183-1 at 18.

## II. Legal Standards for Ineffective Assistance of Counsel

To successfully assert an ineffective-assistance-of-counsel claim, a defendant must prove both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). To prove deficient performance, a defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. A defendant meets this burden by showing "that counsel's representation fell below an objective standard of reasonableness" as measured under "prevailing professional norms" and evaluated "considering all the circumstances." *Id*. at 688.

However, a reviewing court may not second-guess trial counsel's strategic decisions. *Moss v. Hofbauer*, 286 F.3d 851, 859 (6th Cir. 2002). Thus, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (internal quotations omitted). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*.

In order to prove prejudice, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on

the judgment." *Id*. at 691. When evaluating prejudice, courts generally must consider the "totality of the evidence." *Strickland*, 466 U.S. at 695. Courts may approach the *Strickland* analysis in any order, and an insufficient showing on either prong ends the inquiry. *Id*. at 697.

### III.  Ground One - Failure to Investigate

Isaac argues that the outcome of his trial would have been different had his trial counsel, Hon. Jerry A. Patton, investigated the facts and circumstances of his case. Isaac alleges that he informed his counsel that the drugs found in his home by investigators were his co-defendant's, not his, and that his co-defendant threatened both Isaac and his family. D.E. 183-1 at 4. Isaac further states that he provided his counsel with the names of two witnesses who would testify that they witnessed Isaac's co-defendant threaten him. *Id*. at 4-5. In his motion, Isaac states the names of the witnesses were "Adrian Smith, and his mother." *Id*. at 4. He also alleges that he told trial counsel about closed circuit television footage from the Dollar Store that would support his claim that he was threatened by his co-defendant. *Id*. at 5.

Isaac has not sufficiently established prejudice. He must show that the outcome of his trial would have been different but for counsel's ineffective assistance. Relief will not be granted, even if counsel's performance was deficient, unless Isaac was actually prejudiced. *Harbison v. Bell*, 408 F.3d 823, 830 (6th Cir. 2005). Bare allegations of prejudice are insufficient; Isaac must produce enough evidence to demonstrate a reasonable probability that the outcome would have been different.

When a habeas petitioner claims his attorney failed to call a witness at trial, he must "[a]t the very least . . . submit sworn affidavits from each of the individuals he has identified as uncalled witnesses stating whether they were in fact available to appear at trial and able to give testimony to [the] defense." *Talley v. United States*, No. 1:00-cv-74, 2006 WL 3422997, at *10 (E.D. Tenn.

Nov. 27, 2006); *see also United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991) ("Under whatever framework, however, evidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or on affidavit. A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim."). Having failed to present such affidavits, the Court cannot make any real assessment of how any testimony from the two witnesses would have affected the outcome of a trial. "Self-serving speculation will not sustain an ineffective assistance claim." *United States v. Slater*, 2011 WL 7168921, *11 (E.D. Ky. Dec. 5, 2011) (quoting *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991). Additionally, without such evidence, the Court cannot assess the impact, if any, of the purported video from the Dollar Store, which Isaac argues would support the uncalled witnesses.

Furthermore, Isaac's claim that the drugs were his co-defendant's and that Isaac was threatened is refuted by the record. At trial, the government presented evidence that a large quantity of drugs and firearms were seized from Isaac's home. *See* D.E. 110. The government also presented video footage depicting Isaac engaged in drug transactions and the presentence investigation report stated that a variety of pills in numerous amounts and several firearms were inside the master bedroom of his house, which was secured with a padlock to which only Isaac had the key. *See Id.*; D.E. 153 at 6-7.

Because Isaac has failed to establish prejudice as to Ground 1, this claim must be denied.

### IV. Ground Two - Failure to Appeal § 924(c) Conviction

Isaac argues that his appellate counsel was ineffective for failing to raise a sufficiency of the evidence claim as to his 18 U.S.C. § 924(c) conviction on appeal. D.E. 183-1 at 14. Here, appellate counsel appealed Isaac's convictions on the ground that the district court permitted a

5

law-enforcement officer to improperly narrate videos of controlled drug buys before the jury and the Sixth Circuit affirmed the convictions on February 19, 2019. *See United States v. Isaac*, 763 F. App'x 478 (6th Cir. 2019). Isaac is correct in that appellate counsel did not challenge the sufficiency of the evidence of his 18 U.S.C. § 924(c) conviction, however, Isaac is incorrect as to the merits of such an argument.

"Appellate counsel does not have an obligation to raise every possible clam that a client may have, and counsel's performance is presumed to be effective." *Dufresne v. Palmer*, 876 F.3d 248, 257 (6th Cir. 2017), *citing McFarland v. Yukins*, 356 F.3d 688, 710 (6th Cir. 2004). "[O]nly when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of [appellate] counsel be overcome." *Fautenberry v. Mitchell*, 515 F.3d 614, 642 (6th Cir. 2008) (quoting *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002)). "To succeed on a claim that appellate counsel performed ineffectively, a petitioner also 'must demonstrate 'a reasonable probability that, but for his counsel's unreasonable failure to' raise [an] issue on appeal, 'he would have prevailed.'" *Dufresne*, 876 F.3d at 257, *citing Webb v. Mitchell*, 586 F.3d 383, 399 (6th Cir. 2009) (quoting *Smith v. Robbins*, 528 U.S. 259, 285 (2000)).

The Sixth Circuit found that, given the evidence presented by the government, "the evidence was overwhelming that Isaac conspired to violate the drugs laws with Karen, Alyssa, and/or Andy Osborne, and possessed firearms in furtherance of a drug-trafficking crime." *Id*. at 482. The evidence included "hundreds of pills and several loaded firearms in close proximity to the pills" that "were seized from Isaac's bedroom after a search of his residence," "video and audio recordings of several controlled buys," testimony from an informant that "Isaac enlisted him to sell oxycodone and . . . routinely had firearms while dealing drugs," and expert testimony that

"Isaac possessed the firearms in furtherance of his drug trafficking based on the location and type of firearms seized, as well as the fact that several of them were loaded." *Id*.

Given the overwhelming evidence presented by the government at trial, a sufficiency of the evidence claim as to Isaac's § 924(c) conviction would not have been stronger than the claim actually presented. Nor has Isaac sufficiently supported his claim so as to demonstrate a reasonable probability of succeeding on appeal. Therefore, Isaac cannot satisfy either prong of *Strickland* and his claim for relief on Ground 2 must be denied.

### IV. Conclusion

Based on the foregoing, the undersigned **RECOMMENDS** that Isaac's § 2255 motion (D.E. 183) be **DENIED**.

This case does not warrant an evidentiary hearing. An evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b); *See Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. In this case, Isaac's bare allegations of prejudice are not sufficient to require an evidentiary hearing.

The undersigned further **RECOMMENDS** that no Certificate of Appealability issue. Under 28 U.S.C. § 2255(c)(2), a certificate of appealability may issue "only if the applicant has made a showing of the denial of a constitutional right." *See also* Rule 11 of the Rules Governing Section 2255 proceedings. This standard is met if the defendant can show "that reasonable jurists

could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). The Court has considered the issuance of a Certificate of Appealability as to each of Isaac's claims. No reasonable jurist would find the assessment on the merits above to be wrong or debatable; thus, no Certificate of Appealability should issue.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statue. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).

This the 14th day of November, 2019.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge