**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**PIKEVILLE**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CRIMINAL ACTION NO. 7:17-06-KKC-HAI** |
| **Plaintiff/Respondent,** | |
| **V.** | **OPINION AND ORDER** |
| **JEFFREY ISAAC,** | |
| **Defendant/Movant.** | |

**\*\*\* \*\*\* \*\*\***

Following a three-day jury trial, Defendant/Movant Jeffrey Isaac ("Isaac") was found guilty on one count of conspiring to distribute Schedule II controlled substances, 21 U.S.C. §§ 841(a)(1), 846, and one count of knowingly possessing a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A). He was sentenced to a total term of 144 months of imprisonment on May 24, 2018, with three years of supervised release. (DE 151). Isaac timely appealed, arguing that this Court erred when it allowed a non-expert law-enforcement officer to offer improper testimony on certain video drug transactions without providing a cautionary instruction to the jury. The United States Court of Appeals for the Sixth Circuit found the error harmless, denied Isaac's request for a new trial, and affirmed this Court's Judgment. (DE 175, 180). Isaac has now filed a motion seeking to have the Court vacate, set aside or correct his sentence under 28 U.S.C. § 2255. (DE 183).

Consistent with local practice, Isaac's § 2255 motion was referred to a United States Magistrate Judge for review and issuance of a report pursuant to 28 U.S.C. § 636(b)(1)(B).

**1** of **6**

United States Magistrate Hanly A. Ingram reviewed the motion and issued a Report and Recommendation ("R & R") recommending that Isaac's motion to vacate be denied. (DE 195). Isaac has now filed objections to this R & R. (DE 196). The Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which timely objections are made. 28 U.S.C. § 636(b)(1)(C). But where neither party objects, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

Isaac bears *Strickland v. Washington's* "heavy burden of proof." *Whiting v. Burt*, 395 F.3d 602, 617 (6th Cir. 2005). To prevail on his claim, he must show both that "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). For the first component, trial counsel's performance must have been "outside the wide range of professionally competent assistance." *Stermer v. Warren*, 959 F.3d 704, 736 (6th Cir. 2020) (quoting *Strickland*, 466 U.S. at 690). For the second component, prejudice requires evidence of a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quoting *Strickland*, 466 U.S. at 694).

Isaac's first claim in his § 2255 motion is that his trial attorney, Jerry A. Patton, was ineffective for failing to investigate the facts of his case, and for failing to interview certain witnesses. Regarding this claim, Isaac objects to the Magistrate Judge's reliance on an affidavit from Isaac's counsel, produced with the United States' response. There, Isaac's former counsel negates the claims against him by confirming, that counsel: (1) investigated the circumstances of Isaac's case, including the discovery, which was discussed with Isaac; (2) reviewed incriminating video footage with him, showing that

Isaac engaged in drug transactions; (3) obtained a plea deal with the United States, which Isaac did not want to take; (4) advised Isaac of the negative repercussions of going to trial, and still, respected Isaac's decision to go to trial against his advice; (5) met with Isaac at both places of incarceration during his representation, spending "adequate time" in preparation for trial; and finally (6) made attempts to locate the witnesses he was told about and an alleged dollar store video-footage, but unfortunately, was "unsuccessful" on both accounts. (DE 192-1 at 1-2).

Isaac, unhappy with counsel's statements, objects only by stating that counsel's affidavit is conclusory and lacks detail. (DE 196 at 2-3). But Isaac ignores his own conclusory statements, and that *he* —as movant— bears the burden of demonstrating (and articulating with specific acts or omissions) how counsel's performance fell "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

In its analysis, the Magistrate Judge found that Isaac had failed to establish the prejudice-prong of *Strickland*, even if counsel had actually performed deficiently. (DE 195 at 4). "When deciding ineffective-assistance claims, courts need not address both components of the [deficient performance and prejudice] inquiry 'if the defendant makes an insufficient showing on one.'" *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004); *Strickland*, 466 U.S. at 697. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 111-12 (2011) (citing *Strickland*, 466 U.S. at 696)).

Isaac's objection voices only disagreement with counsel's statements in the affidavit, but does not allege how, if any counsel *was* deficient and the means to which Isaac was prejudiced. Even assuming Isaac had provided the evidence, sufficiently demonstrating how counsel was "professionally unreasonably … it would not warrant

setting aside the judgment … if the error had no effect" on the outcome. *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (quoting *Strickland*, 466 U.S. at 691).

The second claim Isaac alleges in his § 2255 motion is that appellate counsel was ineffective for failing to raise a sufficiency of the evidence claim as to his 18 U.S.C. § 924(c) conviction on appeal. As to this claim, the Magistrate Judge acknowledges that appellate counsel did not appeal the § 924(c) conviction but recognizes that the merits of such an argument on appeal would have been futile. (DE 195 at 6) ("Appellate counsel does not have an obligation to raise every possible clam that a client may have, and counsel's performance is presumed to be effective." *Dufresne v. Palmer*, 876 F.3d 248, 257 (6th Cir. 2017), *citing McFarland v. Yukins*, 356 F.3d 688, 710 (6th Cir. 2004)).

To this, Isaac disagrees with the Magistrate Judge's conclusion that his appeal would have been meritless, arguing that he, indeed, "made a credible argument in his 2255 motion … that … [his] gun … was [not] involved in th[e] drug business." (DE 196 at 3-4). Thus, the § 924(c) conviction "should have [also] been raised on appeal." (*Id.*). But, the Magistrate Judge recognized that, on appeal, the Sixth Circuit *did* consider the evidence so "overwhelming [as] presented by the government at trial, [that] a sufficiency of the evidence claim … would not have been stronger than the claim actually presented." (DE 195 at 7).

On appeal, the Sixth Circuit concluded that "the evidence against Isaac was overwhelming." *United States v. Isaac*, 763 F. App'x 478, 482 (6th Cir. 2019). This evidence included "hundreds of pills and several loaded firearms in close proximity to the pills" that "were seized from Isaac's bedroom after a search of his residence," "video and audio recordings of several controlled buys," testimony from an informant that "Isaac enlisted him to sell oxycodone and . . . routinely had firearms while dealing drugs," and expert testimony that "Isaac possessed the firearms in furtherance of his drug trafficking based on the location

and type of firearms seized, as well as the fact that several of them were loaded." (*Id.*). "Counsel is constitutionally ineffective only if performance below the professional standards caused the defendant to lose what he otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992). Here, Isaac has not met his burden of proving that his claim, if raised, would have been successful on appeal.

The Court must issue or deny a certificate of appealability when it enters a final order that is adverse to the movant in a § 2255 proceeding. *See* Rule 11 of the Rules Governing § 2255 Proceedings for the United States District Courts; 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may be issued only when the defendant has "made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To satisfy this burden, the defendant must show that reasonable jurists could debate whether the petition should have been resolved in a different way or that the issues involved were adequate to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, Isaac's bare and conclusory allegations against his attorney, and vague objections are not sufficient to warrant a Certificate of Appealability. No reasonable jurist would find the merits' assessment above to be wrong or debatable. A Certificate of Appealability will not be issued.

Accordingly, for the reasons outlined above and in the United States Magistrate Judge's Report and Recommendation (DE 195), the Court HERBY ORDERS as follows:

1. Movant/Defendant Isaac's motion to correct, vacate, or set aside sentence pursuant to 28 U.S.C. § 2255 (DE 183) is DENIED.

2. The Magistrate Judge's Report and Recommendation (DE 195) is ADOPTED and INCORPORATED, in full.

3. Isaac's objections to the Report and Recommendation (DE 196) are OVERRULED.

4.   A Certificate of Appealability shall not issue on any issue presented by Isaac.

5.   A separate judgment shall issue.

This the 9th day of October, 2020.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY