UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>V.<br><br>JEFFREY ISAAC,<br>    Defendant. | CRIMINAL NO. 7:17-06-KKC-1<br><br><br>**OPINION AND ORDER** |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on Defendant Jeffrey Isaac's motion (DE 218) asking the Court to reconsider its prior order denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (*see* DE 216). The Court hereby ORDERS that the motion for reconsideration (DE 218) is DENIED.

Isaac was convicted of conspiring to distribute Schedule II controlled substances and possession of a firearm in furtherance of a drug trafficking crime. By judgment dated May 24, 2018, the Court sentenced him to 144 months. (DE 149, 151). Isaac is now incarcerated at the Federal Medical Center (FMC) in Lexington, Kentucky. In this current motion, he asks this Court to reconsider his compassionate release motion on account of new case law.

The compassionate release statute permits this Court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction," and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

The statute does not define what it means to be "extraordinary and compelling." The commentary to the policy statement by the Sentencing Commission applicable to Section 3582(c)(1)(A) provides some guidance; however, the Sixth Circuit has recently determined the policy statement applies only to motions filed by the BOP and does not apply when a defendant moves for compassionate release on his own behalf. *United States v. Jones*, 980 F.3d 1098, 1108-11 (6th Cir. 2020). In such cases, district courts are no longer constrained by the reasons enumerated in §1B1.13's application note. *See id.*; *United States v. Elias*, 984 F.3d 516 (6th Cir. 2021); *see also United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Thus, courts need not rely on the application note as binding in its analysis; instead, a court may exercise its "full discretion" to determine whether the defendant has demonstrated extraordinary and compelling reasons for compassionate release, *Jones*, 980 F.3d at 1111, and, if so, whether the section 3553(a) factors weigh in favor of release.

For purposes of this motion, the Court will assume that Isaac's health conditions amidst the COVID-19 pandemic in a prison setting present extraordinary and compelling circumstances that would warrant a sentence reduction. As such, the Court must still consider whether "the factors set forth in section 3553(a) to the extent that they are applicable" support the requested sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *Jones*, 980 F.3d at 1107-1108. These factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]

  (3) the kinds of sentences available;

18 U.SC. § 3553(a)(1)-(3).

  The § 3553(a) factors also include, the "kinds of sentence and the sentencing range" established in the guidelines; "any pertinent policy statement" issued by the Sentencing Commission; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and "the need to provide restitution to any victims of the offense. § 3553(a)(4)-(7).

  The Court considered these factors extensively when originally sentencing Isaac. This Court has reconsidered them for purposes of this motion. Isaac was convicted of serious offenses; namely, conspiracy to distribute Schedule II controlled substances and possession of a firearm in furtherance of the conspiracy. He was considered to be the organizer or leader of the conspiracy. (PSR, ¶¶ 22, 30). A search of his residence later revealed 1,579 doses of (various) controlled substances, 13 guns, and $853.00 cash. (PSR at 6-7 (¶¶ 10-11)). Isaac has served only a small fraction of the 12-year sentence the Court imposed. Thus, as the Court previously stated (*see* DE 216 at 4-5), in consideration of the § 3553(a) factors, it is not appropriate to order Isaac's release at this time.

  Accordingly, for the reasons stated at his initial sentencing, in its previous Opinion and Order (DE 216) and in this current opinion, the Court hereby ORDERS that Isaac's motion for reconsideration (DE 218) is DENIED.

  Dated February 11, 2021

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY