## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF KENTUCKY
### SOUTHERN DIVISION
### PIKEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO. 7:17-06-KKC-1 |
|     Plaintiff, | |
| v. | <u>OPINION AND ORDER</u> |
| JEFFREY ISAAC, | |
|     Defendant. | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on defendant Jeffrey Isaac's motion for unspecified order (DE 227). For the following reasons, the motion will be DENIED.

Isaac was convicted of conspiring to distribute Schedule II controlled substances and possession of a firearm in furtherance of a drug trafficking crime. By judgment dated May 24, 2018, the Court sentenced him to 144 months. (DE 149, 151). In a letter filed October 19, 2022, he suggests there is new evidence that could be valuable to his case and may affect the final outcome. He asks the Court to do "anything that [it] could do to help [him] in this situation." It is unclear what Isaac is moving the Court to do. However, the Court will construe Isaac's letter as a motion to alter or modify his judgment in some way.

The Court has very limited authority to modify a criminal judgment. One pathway is a motion pursuant to 18 U.S.C. § 3582(c)(1)(A). This lets the Court modify a sentence for "extraordinary and compelling reasons" or if the defendant is at least 70 years of age and meets certain other criteria. But this motion must be filed by (1) the Director of the Bureau of Prisons ("BOP"); or (2) by the defendant, but only after he has exhausted his administrative rights to appeal

the BOP's failure to bring the motion. *Id*. There is no evidence in the record that Isaac has requested

that the BOP file a motion on his behalf or that he has exhausted the BOP's administrative appeal

process.

Next, the Court may also modify an imposed term of imprisonment to the extent

otherwise expressly permitted by statute. 18 U.S.C. § 3582(c)(1)(B). Only two statutory

provisions permit such a modification: 28 U.S.C. §§ 2106 and 2255. *United States v. Zabawa*,

134 F. App'x 60, 67 (6th Cir. 2005). Isaac does not cite either of those statutes in his letter.

Federal Rule of Criminal Procedure 35 is the final avenue.[1] It provides "[w]ithin 14 days

after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or

other clear error." FRCP 35(a). Isaac's request comes well after this 14-day period. His judgment

is dated May 24, 2018.

The Court is without power to alter Isaac's conviction at this point. Accordingly, the

motion (DE 227) for unspecified order (construed as a motion to alter) is hereby DENIED.

This 24th day of October 2022

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

---

[1] Federal Rule of Criminal Procedure 36, which permits modification of a sentence based on a clerical error, does not apply here.