UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>    Plaintiff, <br><br> v. <br><br> JEFFREY ISAAC, <br>    Defendant. | CRIMINAL NO. 7:17-CR-6-KKC-EBA-1 <br><br> **OPINION AND ORDER** |

\* \* \* \* \* \* \* \* \*

This matter is before the Court on Defendant Jeffrey Isaac's motions for appointment of counsel and compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (DEs 229, 232.) For the following reasons, the Court will deny both motions.

"The right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *see also United States v. Manso-Zamora*, 991 F.3d 694, 696 (6th Cir. 2021) ("[E]very federal court of appeals . . . has agreed that there is no constitutional (or statutory) right to appointed counsel in § 3582(c) proceedings."). The Court entered judgment against the defendant on May 25, 2018. (DE 151.) The Sixth Circuit subsequently rejected the defendant's appeal and affirmed the Court's judgment. (DE 175.) As a result, the defendant no longer has a right to court-appointed counsel and has no matters pending with the Court other than these two motions. Accordingly, the Court will deny the defendant's request to appoint counsel.

The defendant also moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), the federal compassionate release statute. When reviewing a prisoner-filed motion for compassionate release, the Court must consider: (1) whether "extraordinary and compelling reasons" warrant a sentence reduction; (2) whether a reduction is consistent "with applicable policy statements issued by the Sentencing Commission"; and (3) whether

applicable 18 U.S.C. § 3553(a) factors support a reduction in the given circumstances. *See United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020).

The defendant argues that his health issues and need to care for his disabled adult daughter constitute extraordinary and compelling reasons for compassionate release under USSG §1B1.13(b)(5). The Government, however, argues that if it was to put aside potential exhaustion requirements, the defendant's reasons do not warrant compassionate release because the Court already denied compassionate release on grounds of his "essentially unchanged" health issues. (*See* DE 216 at 3-4.) Further, it argues that the defendant has not met his evidentiary burden of showing that his daughter suffers from the claimed disability and that an alternative caregiver is unavailable.

Putting aside similarities to the defendant's prior motion for compassionate release, the Court finds that the defendant's own motion contradict the effects of his health issues.[1] He claims that "struggles daily" and lives with "below standards of care" that "create a constant threat to his wellbeing[.]" (DE 229-2 at 3.) Yet he asserts that he has maintained active employment in UNICOR and is well enough to serve as a caretaker to his disabled adult daughter if granted compassionate release. These facts suggest that his health issues are not so debilitating to support compassionate release. Further, he has failed to provide any evidence that supports his claims regarding the effects of his health issues.

Similarly, the Government is correct in pointing out that the defendant has not met his evidentiary burden regarding his need to care for his disabled adult daughter. He has not provided any evidence of his daughter's disability nor the unavailability of any alternative caretakers. He has not provided evidence that his daughter's second husband passed or that

---

[1] These claimed health issues include: "Heart Disease, C-Heart Failure, Afib Heartbeat, Covid Lung, COPD, Asthma, High Blood Pressure, Diabetes, Obesity, and . . . Herniated and Reuptured Disks in his neck and back." (DE 229-2 at 3.)

2

her biological mother is suffering from "severe dementia[.]" (*Id.* at 4.) Without evidence supporting these claims, the Court cannot find that he has met his evidentiary burden showing that such an extraordinary and compelling reason exists.

The Court must further note that this motion is the defendant's third attempt at obtaining compassionate release—his first being a motion for compassionate release in October 2020 and second being a motion for reconsideration in February 2021. In both of the Court's opinions resolving those motions (DEs 216, 224), it found that the 18 U.S.C. § 3553(a) factors did not support his compassionate release. The Court pointed to the severity of his convicted offenses, his leadership role in them, and the drugs, guns, and cash found at his residence in assessing the § 3553(a) factors. The only thing that has changed at this time is that the defendant has served approximately three-and-a-half more years of his 12-year sentence of incarceration. Accordingly, the Court finds it unnecessary to deviate from its prior findings that the § 3553(a) factors do not support compassionate release in this matter.

For the aforementioned reasons, the Court hereby ORDERS that the defendant's motions (DEs 229, 232) are DENIED.

This 2nd day of October, 2024.

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY